```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
                              )
PRINCE ATEL,                  )
                              )
                  Petitioner, )
                              )
v.                            )
                              )       Civil Action
PATRICIA HYDE, Boston Field Office )  No. 25-cv-13926-PBS
Director, U.S. Immigration and )
Customs Enforcement, et al.,  )
                              )
                  Respondents.)
                              )
_____)
```

**ORDER**

December 29, 2025

Saris, J.

Petitioner Prince Atel ("Petitioner"), a citizen of the Democratic Republic of the Congo, brings this habeas petition under 28 U.S.C. § 2241 to challenge his immigration detention without a bond hearing. Petitioner entered the United States without inspection in November 2019. U.S. Immigration and Customs Enforcement arrested Petitioner on May 29, 2025, and has since detained him at the Plymouth County Correctional Facility.

The parties disagree as to whether Petitioner is subject to discretionary detention with the right to a bond hearing under 8 U.S.C. § 1226(a) or mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). In the government's view, § 1225(b)(2)(A) governs Petitioner's detention because, although

1

he was detained while residing in the United States, he was never admitted to the country and remains an "applicant for admission." The Court recently rejected this argument about the scope of § 1225(b)(2)(A) in two decisions in Guerrero Orellana v. Moniz. See __ F. Supp. 3d __ (D. Mass. 2025) [2025 WL 3687757]; __ F. Supp. 3d __ (D. Mass. 2025) [2025 WL 2809996]. The government concedes that "[s]hould the Court follow its reasoning in Guerrero Orellana v. Moniz, it would reach the same result here." Dkt. 5 at 1. The Court sees no reason to deviate from its prior rulings on this issue. For the reasons stated in Guerrero Orellana, the Court concludes that Petitioner is detained under § 1226(a), not § 1225(b)(2)(A), and may seek release from custody at a bond hearing in immigration court.

Accordingly, the Court **ALLOWS** the habeas petition (Dkt. 1) and **ORDERS** that the government release Petitioner unless he is provided with a bond hearing that complies with the standards outlined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven business days of the date of this order.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge